D. O. MILLS, J. MILLS, and E. TOWNSEND, Respondents,
v. P. DUNLAP and B. M'CULLOCH, Appellants.

A motion to suppress the reading of a deposition, before the case in which it was taken is put upon trial, is premature; the proper time to object to such deposition is when it is offered in evidence on the trial.

The decision of such motion rests in the sound discretion of the court, who must decide upon the sufficiency, or otherwise, of the grounds upon which such motion is made.

Proof of notice to take a deposition where the written notice was defective, was held good, when made by parol, and conforms substantially to the statute.

A slight error in the title of a cause, where there is no other suit pending between the parties, will not invalidate the notice.

The certificate of the notary as set forth in the case was sufficient.

APPEAL from the Sixth Judicial District.

The facts of this case are stated in the opinion of the court. The plaintiff claimed of defendant the value of certain property, which had been seized by the sheriff, on execution issued by Dunlap against Solms and Hutchinson, and which he claimed as his own property. In the course of the proceedings, the deposition of G. W. Solms taken before a notary, was filed, February 19th, 1852, on the part of the plaintiff, and on the same day defendant moved the court to *suppress the reading* of the same, for the following reasons :—

1. Because notice of the taking was not given as required by law.

2. Because the deposition was not taken in the above entitled cause, but in some other.

3. Because the order in reference to taking the same was not made in this action, but in the case of D. O. Mills et al. v. P. Dunlap.

4, 5. Because the affidavit upon which said order was based is insufficient in law, is void for uncertainty, and was not taken and certified as required by law.

6, 7. The notice did not state the time or place where the

deposition would be taken, nor was it signed by plaintiffs or their attorney.

8. The deposition was not read to witness by the officer, and corrected by him before it was subscribed.

9. The time and place of taking is not set out.

10. Is not certified as required by law.

11. The witness was not sworn before his examination.

The court overruled the motion to suppress, and defendants excepted.

The trial was then proceeded with, and a verdict for plaintiffs was rendered. A motion for a new trial was overruled, and this appeal was taken.

On the hearing of the motion to suppress the deposition of Solms the notice was produced, addressed to P. Dunlap, "that witness would be examined, on plaintiffs' behalf, this day, at the office of Winans & Hyer, No. 73 I Street, at 2 o'clock, P. M., before C. C. Sackett, a notary public in and for Sacramento County."   .

The notice is not dated.

The order for taking the above deposition was based upon the oath of D. O. Mills, plaintiff, that Solms was a material witness, and was about to leave the county in which the suit was to be tried, and would probably be absent when his testimony would be required.

John G. Hyer, attorney for plaintiff, was offered, to prove that defendant had notice of the time and place of taking the deposition. Defendant objected to the proof by parol, as the law requires such proof to be in writing; which objection was overruled, and defendant excepted. The witness testified that he had served notice on defendant that the deposition would be taken between 11 and 12 o'clock, M., of the day said notice bears date ; that defendant told witness he would not attend, and that if he could shut the deposition out, he would.

The return of the notary stated that the depositions were sworn, &c., " before Charles C. Sackett, a notary in and for the County of Sacramento, taken at the City of Sacramento, and pursuant to an order of court, &c., and was dated the 10th February, 1852."

The order of court directing the deposition of Solms to be taken, bears the same date with the certificate of the notary.

There were two other exceptions taken below, which will be found noted in the opinion of the court.

*Johnson,* for appellants.

*Winans,* for respondents.

WELLS, Justice, delivered the opinion of the court.

This was an action, brought by the plaintiff in the court below, to recover the value of certain doors, window-sashes, &c.

The property in question was seized, upon execution, in favor of defendant, Dunlap, against Solms and Hutchinson, and sold by the sheriff, by the express orders of the defendant, Dunlap. The property, it is alleged, belonged to the plaintiffs, and Dunlap was notified of the fact at the time of the sale.   Two trials were had in the court below, and before the second trial, a deposition of George W. Solms, a witness on the part of the plaintiffs, was taken, before C. C. Sackett, a notary public, in compliance with an order granted by the District Judge.   The defendant moved the court below, at a special term, on the 3d day of April, 1852, in accordance with previous notice, to suppress the deposition of said Solms, upon the grounds of insufficiency of notice and irregularity; which motion the court overruled, and the defendants excepted.   The cause was tried, for the second time, on the 15th of April following, and upon the trial the deposition of Solms was offered and read in evidence.   It is now insisted, that the court erred in denying the motion, made at the special term, to suppress the reading of the deposition referred to; but we are of the opinion that the court committed no error in this ruling. In the first place, the motion was prematurely made; the proper time to have objected to the introduction of the deposition as testimony, was when it was offered in proof upon the trial; and the court properly refused an order suppressing it, upon a motion made before the trial.   In the next place, the granting or refusing such motion rested in the sound discretion of the court, and the Judge was to decide whether the facts and circumstances alleged, relied upon to sustain the motion, upon the ground of insufficiency or defect of notice, were sufficiently established or

not; and it does not appear to us that in deciding as he did, he, in the remotest degree, abused such discretion; besides, all the grounds of objection, as to the notice and the manner of taking the deposition, and the attestation thereof, are purely of a technical character, and none of them seem founded upon any substantial basis.

Dunlap was sufficiently notified, as was abundantly proved by Hyer, and the notice served upon him conformed substantially to the statute. See statutes of 1851, p. 118, sects. 428, 429, 430. The slight error in the title of the cause did not mislead him, it not appearing that there was any other suit pending between the parties named; besides, a defective title does not operate to invalidate a notice. Statutes of 1851, p. 134, sect. 531. The certificate of the notary to the affidavit was sufficient: it was a substantial compliance with the form of the statute. By the 443d sect. of the Practice Act of 1851, every notary public has power to administer oaths or affirmations, and the attestation or certificate of the notary, that an affidavit was sworn to, or affirmed, and subscribed before him, is regular, although his seal is not affixed.

The next assignment of error is, that the court erred in allowing an amendment of the complaint. Surely this point will not be insisted upon, in the face of the statute which gives the party the power to amend, under the Practice Act of 1850, without leave, and under the present act, upon leave granted by the court. In this case, not only was the amendment made under the old act, but, as it appears, upon leave granted by the court.

The other objection,—to the effect that the case should not be suffered to proceed, because the jury fees of the first trial were not paid. The act of May 1st, 1851, respecting fees (statutes of 1851, p. 35), did not take effect until May 1st, 1852. The act of 1850 still prevailed, and that did not allow fees to dissenting jurors.

Statutes of 1851, p. 39, sect. 21. Statutes of 1851, p. 48, sect. 72. Statutes of 1850, p. 421, sects. 17, 22.

And again, even if the act of May 1st, 1851, was in effect at the time of the trial of the cause, it was not made to appear that the fees had not been paid. From these considerations, and

upon a full examination of this case, we cannot arrive at any other conclusion than that the appeal is frivolous, and was taken for delay, and therefore order that the judgment of the court below be affirmed, with costs and ten per cent. damages.