CODY *v.* FILLEY.

1. "Service of the within is hereby admitted the 16th day of October, 1878," signed by counsel for appellee; *held,* sufficient evidence of service by copy·of notice of appeal, under section 339 of the Code. This court will not consider affidavits of parties impeaching the record in such case.

2. When the notice of appeal and the undertaking intelligibly refer to the cause in which judgment was rendered; *held,* sufficient under the Code.

3. An undertaking on appeal under the Code need not be signed by the appellant.

4. There is nothing in the Code fixing the time of the service of the notice of appeal, but the rights of the appellee, under section 358, giving him "thirty days to except to the sufficiency of the sureties," would be impaired unless the service preceded or was cotemporaneous with the filing of the undertaking.

5. There is no provision of the Code, that in terms or by implication, requires that the service and the filing of the undertaking on appeal should be on the same day.

*Appeal from District Court of Gilpin County:*

Messrs. H. M. & W. TELLER, for appellee, now moved to dismiss the appeal.

Messrs. BUTLER, WRIGHT & KING, *contra.*

*Per Curiam.* The record in this case shows, that on the 14th day of October, 1878, the appellant, by his attorneys, filed in the office of the clerk of the district court a notice of appeal. On the 19th of the same month, they file with the clerk what is a copy of this notice (but not marked as such), indorsed: "Service of the within is hereby admitted the 16th day of October, 1878." This is signed by counsel for appellee, and sufficiently imports a service by copy, in accordance with the provisions of section 339 of the Code.

We cannot consider the affidavits of parties impeaching the record in this particular.

An objection is taken, that the notice of appeal and the "undertaking" are not entitled·of the cause in which judgment was rendered.

Judgment was rendered in the case of "*Margaret E. Cody* v. *Giles F. Filley, impleaded with,*" etc. The notice and bond are entitled "*Margaret E. Cody* v. *Giles F. Filley.*"

It is not without reluctance that we tolerate, much less sanction, a practice of this kind. The provision of section 401 of the Code, however, we think reaches and remedies the defect. Notwithstanding the defective title, both papers "intelligibly" (*i. e.*, in a manner to be understood) refer to the cause in which judgment was rendered, and they must be held, under this section, "valid and effectual." *Mills* v. *Dunlap*, 3 Cal. 94.

The objection taken to the undertaking, that it is executed by an attorney in fact, and that the original power of attorney is not filed with it in this court, cannot be sustained. This is an appeal under the Code, and the undertaking need not have been signed by the appellant at all. The rule can have no application, except when the bond is executed in pursuance of the former practice.

The notice of appeal was filed October 14th, and served October 16th. The undertaking was filed October 19th.

This was sufficient, the undertaking being filed within the time limited by the court.

There is nothing in the Code, in terms, fixing the time of service of the notice of appeal, but the rights of the appellee under the provisions of section 358, giving him "thirty days in which to except to the sufficiency of the sureties," would be impaired, unless the service preceded, or was cotemporaneous with, the filing of the undertaking.

There is no provision of the Code, that in terms or by implication, requires that the service and the filing of the undertaking should be on the same day. The California cases cited in support of the contrary view were under a section of their Code which required in terms the filing of the notice of appeal and undertaking "at the same time," and this in view of a similar provision fixing a time in which the appellee should except to the sufficiency of the sureties,

made *service* of the notice at the same time necessary. Olney's Code, § 940, p. 313.

The motion is

*Denied.*