### GILES v. PAXSON et al.

*(Circuit Court, N. D. Iowa, E. D. December 8, 1888.)*

1. DEPOSITIONS—DEDIMUS—CERTIFICATE—DISINTERESTEDNESS OF COMMISSIONER.
   Depositions taken for use in the federal courts of Iowa under Rev. St. U. S. § 866, by virtue of a *dedimus* to a commissioner need have no certificate that the commissioner is disinterested, as the section provides that the depositions shall be taken according to "common usage," which means the statutory provisions of the state; and under the Code of Iowa such certificate is unnecessary, sections 863–865, providing for taking depositions before a disinterested commissioner upon notice, without a *dedimus*, not applying to testimony taken under section 866.

2. SAME—REDUCTION TO WRITING.
   For like reasons the commissioner need not certify that the testimony taken by a clerk was reduced to writing in his presence, as provided in section 864.

3. SAME—SIGNATURE OF WITNESS—JURAT.
   Where, in accordance with Code Iowa, § 3737, the commissioner certifies that the deposition was subscribed and sworn to by the deponent at the time and place mentioned, it is unnecessary to follow the signature of the witness with a jurat.

4. SAME—WRITING ANSWERS SEPARATELY FROM INTERROGATORY.
   While under Code Iowa, § 3735, the answer of a witness should be written under the interrogatory, it is sufficient that the interrogatories are numbered, and the answers thereto are written down separately, with corresponding numbers, when the certificate shows that both the interrogatories and answers were read over to the witness before signing, as under section 3741 an unimportant deviation from the statutory directions will not vitiate the depositions where no prejudice can result from such deviation.

5. SAME—IDENTITY OF WITNESS.
   Where a commission issues to take the testimony of "W. E. F., of A.," and the caption recites that it is the "deposition of W E. F., taken at A.," the deposition is properly signed, and the certificate shows that pursuant to the commission the notary caused the witness to come before him, etc., and that he subscribed and swore to the deposition, the deposition sufficiently appears to be that of the person mentioned in the commission.

6. SAME—RETURNING EXHIBITS.
   It is proper to return with the deposition of a witness a copy of a deed referred to by him, whether the deed is admissible in evidence at the trial or not.

At Law. On motion to suppress depositions.

Action by William A. Giles against Charles Paxson and others. Defendants filed exceptions to certain depositions taken by plaintiff.

*Adams & Mathews*, for plaintiff.

*Ed. P Seeds* and *Henry C. Noyes*, for defendants.

SHIRAS, J. The defendants move to suppress the depositions of Joseph W. Martin and other witnesses on several grounds, the first being

that the commissioner does not certify that he had no interest in the case, as required by the provisions of section 863, Rev. St. U. S  There are two general methods for taking depositions to be used on the trial of law cases provided for in the Revised Statutes; the one being the mode pointed out in section 863, and the other in section 866.  When taken under the provisions of the former section, a commission to the officer is not sued out from the court in which the cause is pending, but the party desiring to take the testimony gives notice to the opposite party or his attorney of the time and place when and where the testimony is to be taken, and selects as the commissioner any one of the parties named in the section. When depositions are thus taken, no opportunity is afforded to the opposite party to be heard upon the matter of the selection of the commissioner. Hence it is required of the party taking the deposition that he shall select a disinterested commissioner, and the statute requires the party selected to certify that he is not of counsel for either party, nor interested in the event of the suit.  If, however, the depositions are not taken under section 863, but under the authority granted in section 866, then, by the express terms of the latter section, the provisions of sections 863, 864, and 865 are not applicable thereto.  Section 866 provides for the court granting a *dedimus,* and in so doing it is presumed that the court will select a proper person to act as the commissioner, and the parties can be heard upon the question of the appointment before the commission issues.  The authority conferred by section 866 is the granting a *dedimus* to take depositions according to common usage.  In *McLennan* v. *Railroad Co.,* 22 Fed. Rep. 198, it was held:

"When, however, the facts are such in a given case that, under the provisions of statutes of the United States, the right to take the testimony of witnesses by deposition exists, then, as to the mere mode of procuring the deposition, parties may follow, at their election, either the provisions of the state law or of the act of congress."

In other words, if the right to take depositions existed, then the party desiring to take the same might do so under the provisions of section 863, or according to common usage, which, in an action at law, would be deemed to be in accordance with the mode provided for by the statutes of the state.  An examination of the depositions moved against shows that the same were not taken under the provisions of section 863, but that a *dedimus* was issued under the seal of the court directed to Ralph L. Goodrich, clerk of the circuit court of the United States for the Eastern district of Arkansas.  The requirements, therefore, of sections 863, 864, and 865 do not apply to these depositions.  The Code of Iowa does not require that the commissioner shall certify that he is not of counsel, or is not interested in the suit.  The fact that, when notified that a commission would be sued out from the court on a given day, directed to a party named as commissioner, the defendants did not object thereto, and the fact that the person named was selected and appointed in the commission issued as a proper person to act in the premises, certainly makes out at least a *prima facie* presumption that he was a proper party to act as commissioner, and, in the absence of proof to the con-

trary, it cannot be held that he was interested in the suit, or otherwise disqualified to act as commissioner.

It is also urged as objections to the depositions that the same were reduced to writing by a clerk employed by the commissioner, and that it is not certified that the same were reduced to writing in the presence of the commissioner. These objections are based upon the provisions of section 864 of the Revised Statutes, which, as already stated, are not applicable to depositions taken under a *dedimus*. It is further objected that the deposition is not sworn to by the witness, because no jurat is attached immediately beneath the signature of the witness. Section 3735 of the Code of Iowa provides "that the answer must be in the language, as nearly as practicable, of the witness, if either party requires it. The whole, being read over by or to the witness, must be by him subscribed and sworn to in the usual manner." This directs what must be done at the time of the taking of the deposition. The mode of proving what was done is provided for by section 3737, which enacts that "the person taking the deposition shall attach his certificate thereto, stating that it was subscribed and sworn to by the deponent at the time and place therein mentioned." The certificate attached to the deposition fully meets these requirements. The addition of a jurat, which is only an abbreviated certificate, is wholly unnecessary. The further objection is made to the deposition of Joseph W. Martin that the interrogatories attached to the commission were not written out by the commissioner and the answer inserted beneath each question, as provided for by section 3735 of the Code of Iowa. The certificate of the commissioner shows that each of the interrogatories was read over to the witness, and his answers were taken down, and then the whole was read over by the witness before he signed the same. The interrogatories are numbered, and the answers show by number the interrogatory to which each answer is intended to apply. Section 3741 of the Code of Iowa, provides that "unimportant deviations from any of the above directions shall not cause the depositions to be excluded, where no substantial prejudice could be wrought to the opposite party by such deviation." What prejudice can be wrought to the defendants by the mode in which the deposition is written out? The form is not so convenient, but the substance of the deposition is just the same. The motion does not suggest that defendants are or can be prejudiced by this deviation from the statutory direction, and the court is therefore justified in holding it to be a deviation, but not one prejudicial to the defendants, and therefore not sufficient cause for excluding the deposition.

Objection is made to the deposition of William E. Ferguson on the ground that the certificate of the commissioner fails to show who it was that testified before him. A commission was duly issued to Alexander W. Jones, a notary public, authorizing him to take the deposition of W. E. Ferguson of Augusta, Ark. The caption to the deposition recites that it is "the deposition of W. E. Ferguson, circuit clerk, etc., taken at Augusta, Ark., on the 5th day of November, 1888, to be used as evidence, etc." The deposition bears the signature of W. E. Ferguson, and the

notary certifies that "I, Alex. W. Jones, a notary public in and for said county and state, do hereby certify that in pursuance to the annexed commission I caused the said witness to come before me at Augusta, in said county, * * * and he subscribed and swore to the same before me," etc. Can there be any doubt that the witness named in the certificate is the one who signed the deposition? The fair meaning of the certificate is that the notary caused the witness named in the commission to appear before him, to give his testimony, and to sign and swear to the deposition when reduced to writing, and the name appended to the deposition is that of the witness named in the commission, so that it fully appears who it was that testified.

Defendants also ask the suppression of the deposition of William Manning, because the officer taking the same has attached to the deposition a copy of a deed referred to and produced by the witness on the examination; it being claimed that it was not offered in evidence. The introduction of papers in evidence cannot be had before a mere commissioner for the taking of depositions. Section 3736 of the Code of Iowa requires that "all exhibits produced before the person taking the deposition, or proved or referred to by any witness, or correct copies thereof, must be appended to the depositions and returned with them, unless sufficient reason be shown for not so doing." The deposition shows that the witness referred to the deed in question, and therefore it was entirely proper for the notary to return a copy thereof attached to the deposition. Whether it is admissible in evidence on the trial is another question, the decision of which did not belong to the notary. The plaintiff may not offer the deed in evidence, but that does not require the suppression of the deposition. Finding, therefore, no substantial merit in any of the objections taken on the several depositions herein filed, the motion to suppress the same is overruled.