## [No. 1220.]
## BYERS ET AL. v. GILMORE.

1. PRACTICE—DEMURRER.

By answering a complaint after the overruling of a demurrer, objection to the order overruling the demurrer is waived.

2. ESTOPPEL—MISREPRESENTATIONS.

A defense which attempts to set up an equitable estoppel on the grounds of deceit and misrepresentations practiced on defendant, but which fails to show that plaintiff was in any way connected with or responsible for the misrepresentations was properly stricken out.

3. APPEAL BOND—DATE.

That an appeal bond was not dated is immaterial. The only material date was the date of its delivery to the clerk that was indorsed on the bond.

4. SAME—PROOF OF DELIVERY.

The official indorsement of the clerk upon an appeal bond is sufficient proof of its delivery to the clerk, the only proper person to receive it, and the production of the bond at the trial by plaintiff was *prima facie* evidence of a proper delivery to plaintiff.

5. SAME.

Where a party executed an appeal bond as president of the principal company, and also signed the bond individually as surety, the fact that he signed it as surety with the understanding and belief that others were to sign as sureties before it was filed and it was filed without being signed by such other sureties, is no defense to a suit against the party thus signing as surety.

6. SAME.

The fact that the party executing an appeal bond as president of the principal company, was subsequent to the execution of the bond determined by the courts not to be the president *de jure* of the corporation, was no defense to a suit on the bond against the sureties. The bond having been voluntarily executed and having accomplished its purpose the sureties were estopped to deny that the party executing for the principal company had authority to sign its name. Moreover by the provisions of the civil code of 1877 under which this appeal bond was filed it was not necessary for the appellant corporation to sign the bond.

*Appeal from the District Court of Arapahoe County.*

Mr. L. B. FRANCE and Mr. W. T. HUGHES, for appellants.

Mr. W. W. Anderson and Mr. R. H. Gilmore, for appellee.

Wilson, J., delivered the opinion of the court.

In 1874, J. Q. A. Rollins and six others executed, signed and acknowledged articles of incorporation for the corporation known as The Grand River Bridge Company, the object of which was to construct a bridge across the Grand river near Hot Sulphur Springs. The capital stock was to be $3,000, the estimated cost of the bridge, and was divided into sixty shares. The certificate of incorporation was not filed in the office of the secretary of state until January, 1877. After the execution of the certificate, and before the filing of the same, at a date which is not fixed by the evidence, it was ascertained that the cost of the bridge would be $7,000, and thereupon the capital stock of the company was increased to that amount, divided into 140 shares. It appears however that no certificate of this amendment or amended articles were ever filed either with the secretary of state or with the clerk of the county in which the business was conducted. Although the $7,000 was actually paid by the stockholders who were incorporators, no certificates of stock were issued, but it seems that the secretary of the company delivered to each stockholder a certificate signed only by himself but not by the president and not attested by the seal of the corporation to the effect, that he was entitled to receive a certificate for the number of shares of stock for which he had paid.

In 1882, Wm. N. Byers, one of the appellants, purchased from Wm. H. Cushman, who was one of the original incorporators and stockholders, the certificate held by him, in which the secretary had certified that he was entitled to receive sixty shares. Byers supposed this to be the entire capital stock of the company.

In December, 1884, a meeting of the stockholders, called by Byers, was held. Rollins, who was acting as president

and general manager of the company, and had been since its organization in 1874, appeared at the meeting but after some discussion, retired, taking no part in the proceedings. Those who remained then elected a directory and selected Mr. Byers as president. Soon thereafter the Byers directory caused a suit for an accounting to be commenced in the district court of Clear Creek county in the name of the company and against Rollins. Rollins appeared and answered and also presented a counterclaim. Upon the trial, a judgment was recovered by Rollins from which the company appealed to the supreme court by which the judgment was affirmed. *The Grand River Bridge Company v. Rollins*, 13 Colo. 5.

The appeal bond in the case was signed, The Grand River Bridge Company, by its president, W. N. Byers, and also by Byers and the other appellants herein as sureties. It contained the usual recitals and attached to it was the justification of each of the sureties, properly signed and acknowledged, and it was presented within the required time to the clerk of the district court by whom it was filed and approved. In the body of the bond there was no date, the space for the day and month being left blank, and there were mentioned as sureties, Walker McQuary and David J. Ball, who however did not sign the bond.

In the mean time and before the affirmation of this judgment by the supreme court the Byers directory had instituted a suit against Rollins and his directory to compel an accounting, to oust them from office, and to obtain a decree for the cancellation of all stock of the company held by them or any of them. In this suit the defendants prevailed and upon appeal to the supreme court the judgment was affirmed. *Byers et al. v. Rollins et al.*, 13 Colo. 22.

Proceedings were also instituted in the name of the People upon the relation of Frank S. Byers, one of the appellants, for the purpose of procuring a dissolution of the corporation. The trial court sustained the demurrer to the complaint and entered judgment for the defendant. Upon appeal this judg-

ment was also affirmed by the supreme court. *People ex rel. Byers v. Grand River Company et al.*, 13 Colo. 11.

The opinion and statements of the supreme court in these three cases were put in evidence in the trial of this case and are a part of the record before us.

In 1889 Rollins assigned and transferred in writing to appellee the judgment recovered by him against the bridge company and also all his rights and interest in and to the appeal bond in the cause and right of action thereon.

In 1890 appellee, as assignee of Rollins, instituted suit upon the appeal bond and upon trial to the court, recovered the judgment from which this appeal has been taken.

Counsel for appellant first urge in their brief, that the court erred in overruling defendants' demurrer to plaintiff's amended complaint. Even if this were true, defendants waived it by answering over. *Sanbury v. Kerr*, 6 Colo. 28.

It is also claimed that the court erred in sustaining a demurrer to the fourth defense in defendants' answer. In this defense there was an attempt to set up a plea in the nature of an equitable estoppel. In it was set forth a full and detailed statement of all the facts and circumstances connected with the purchase of stock by Byers, and the organization and management of the company from its inception to the institution of this suit and, by reason thereof, it is claimed, the plaintiff, who was the assignee of Rollins, is estopped to maintain this action. It also contained an allegation substantially the same as in the third defense to the effect that in the suit instituted by the Byers directory to oust the Rollins directory from office. *Byers et al. v. Rollins et al., supra.* It having been found that Byers was not the president of the company, he had therefore no authority to sign the name of the company to the appeal bond. We cannot agree with counsel. Admitting the averments in this defense to be true, they would have constituted no bar to the rights of Rollins to recover in an action on this bond for the reason that, however much Byers may have been deceived, the facts as alleged do not show that Rollins had

any part in the deception or was responsible in any manner for any false representations. The mere fact that he did not see fit to question the authority of Byers and his associate directors in the suit for an accounting instituted against him in the name of the company and by their authority did not constitute a misrepresentation on his part. Certainly the Byers directory had no right to complain of it. Even though Cushman may·have falsely stated to Byers, when he sold him the sixty shares of stock, that they comprised the whole capital stock of the company, yet it was not alleged in this defense that Rollins had any connection whatever with this transaction or false representation. It further appears, from the allegations of this defense, that as early as January 17, 1885, prior to the trial and judgment in the suit in which this appeal bond was given, Byers had positive knowledge that Rollins and his party claimed that the capital stock of the company was $7,000, and divided into 140 shares of which they owned eighty. The court did not err in striking out this defense.

It is urged that the bond is fatally defective because it shows no date. This objection is untenable. The only material date was that of the day of its deliverance to the clerk of the district court. This was indorsed on the bond and no question is raised as to this having been within the time allowed by the court.

It is also claimed that there was no proof of the delivery of the bond. That the bond was delivered to the clerk of the court who was the only person authorized by law to receive it, is fully shown by· the official indorsement upon it. If it is intended to claim that plaintiff in this case should have proved the delivery to him, or to his assignor, it is only necessary to say that it being produced by him at the trial was *prima facie* evidence of a proper delivery and there was no attempt to rebut or counteract this by any proof. *Chase v. Breed*, 5 Gray (Mass.), 441.

Counsel for defendants insist however that there was no delivery to the clerk. Assuming that the signing by Byers

was upon the express condition that McQuary and Ball would also sign as sureties, and that it was not to be delivered to the clerk until this condition was complied with—an assumption which is not warranted by the evidence as will be seen hereafter—they contend that the person intrusted with the delivery was the special agent of the obligors for that purpose only; that his authority was subject to the performance of this precedent condition; that if a special agent exceeds his authority the principal is not bound, it being the duty of the party dealing with such a one to ascertain the extent of his authority, and hence the delivery to the clerk, without the signatures of McQuary and Ball being attached was an unauthorized act and a nullity. This is the theory and reasoning of the only case to which we have been cited in support of that proposition. *People v. Bostwick et al.*, 32 N. Y. 445.

The principle announced in this case is not applicable to the one before us, because there is no evidence to sustain the assumption upon which the argument rests. The essential basis of fact is lacking. Even if this were not true, *People v. Bostwick* has been questioned by a later decision of the same court.

*Russell v. Freer*, 56 N. Y. 67, and in Illinois and Massachusetts has been expressly disapproved. *Smith v. Peoria*, 59 Ill. 412; *White v. Duggan*, 140 Mass. 18.

The reasoning and conclusions in these later cases are to our mind sounder, more logical and more consistent with the well-established and fundamental principles of law.

Appellants further urge that this bond should not have been received in evidence and that they should not be bound thereby because appellant W. N. Byers signed the same, "upon the belief and understanding that Walker McQuary and David Ball would also sign as sureties."

It is not claimed nor is any attempt made to show, that Rollins, the obligee ever had any notice or knowledge of this understanding. It does not appear, either in allegation or proof that he ever saw the bond or had any information

as to its contents until after it had performed its function, and the suit had been finally determined in the supreme court. It was required by law, that the bond be presented to and approved by the clerk of the district court, although the obligee was the prevailing party in the suit, and that it remain in the custody of the clerk until after the determination of the appeal.

It is claimed however that the clerk was the agent of the obligee in the bond, and that the names of McQuary and Ball appearing in the body of the bond as sureties and they not having signed as such, this was sufficient notice to put him upon inquiry, and Rollins was bound thereby. In support of this contention we are referred by counsel to *Allen et al. v. Marney,* 65 Ind. 399.

This decision is somewhat far-reaching, but it is unnecessary to discuss either its reasoning or soundness, as it is not applicable to the case at bar. In that case the names of three sureties were inserted in the bond—two signed, and upon doing so expressly instructed the principal not to deliver the bond until he had secured the signatures of all. In violation of this, the bond was delivered without the signature of the third surety, and with his name erased, where it occurred in the body of the instrument. In the case at bar Byers, so far as concerns the securing of the bond, acted as principal. Assuming to act as president of the corporation he had control of the litigation, presumably directed the taking of the appeal and preparation of the bond, signed it as such and presumably delivered it to the clerk, or if not, secured this to be done by some one, who thereby acted as his agent. The wrong, if any, was perpetrated by himself upon himself and he cannot be heard to complain after the bond has subserved the purpose for which it was intended. This remains true even though, in signing the bond, he acted in a dual capacity—as president of the corporation and as a surety.

Admitting however all that may be contended for the extent of the rule laid down in *Allen v. Marney, supra,* this

case is not brought within its terms.    There was no agreement between Byers, McQuary and Ball as to the execution of the appeal bond, nor as to delivery or nondelivery in any contingency.    He says in his testimony, that at some time, during or prior to the commencement of the litigation, the date not being fixed, "they pledged themselves to stand by and with me in maintaining any proceedings that might be or become necessary in the litigation of the case in question."    This is all of the evidence in the record bearing upon this point.    Whatever may have been his expectation or belief in the premises the record does not disclose any legal, substantial foundation for it.

It not being claimed that any other of the defendants signed with any knowledge of this "understanding" no attempt is made to urge this plea in their behalf.

It is also urged as a further objection to the bond, that, subsequent to its execution, the court having held, that, Byers was not and never had been president *de jure* of the corporation, he therefore had no right or authority to sign its name to it, and therefore it was void.    The bond having been voluntarily executed and tendered by the appellants, having been accepted by the proper officer of the court, and having accomplished its purpose by staying the execution of the judgment rendered in favor of Rollins, defendants are now estopped to deny that Byers was president of the corporation and had authority to sign its name.    Moreover the proceedings on this appeal were regulated by the provisions of the civil code of 1877, and it was not necessary for the appellant corporation to sign the appeal bond.    *Cody v. Filley*, 4 Colo. 343.

A thorough examination of the record not disclosing any error which would warrant a reversal, the judgment is affirmed.

*Affirmed.*