FAIRFIELD et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. June 15, 1906.)

No. 2,362.

1. CONTEMPT—REVIEW—QUESTIONS UNDECIDED BELOW NOT OPEN TO DETERMINATION IN APPELLATE COURT.

In proceedings for contempt, the federal appellate courts are courts for the correction of the errors of the court below only. Questions not presented or decided in the court below are not open to consideration or decision in the appellate courts.

[Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Contempt, § 232.]

2. WITNESSES—DISOBEDIENCE OF SUBPŒNA—INSUFFICIENCY OF PLEADINGS AND IMMATERIALITY OF EVIDENCE NO JUSTIFICATION.

Neither the immateriality of the evidence to be elicited nor the insufficiency of the pleadings will justify a witness in disobeying a subpœna to testify in a suit in equity in a federal court.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 37.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the District of Nebraska.

R. S. Hall (Howard Mansfield and J. M. Woolworth, on the brief), for plaintiffs in error.

C. C. Wright (John L. Webster and John P. Breen, on the brief), for defendants in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. This writ of error challenges a judgment for contempt of court by which a fine was imposed upon each of the plaintiffs in error for his refusal to appear and testify in obedience to a subpœna which commanded him to appear before the examiner with certain books and to give testimony in a suit in equity which was pending and at issue in the court below. These witnesses were not adjudged guilty of contempt nor fined for their failure to produce the books, but solely because they declined to appear and testify, so that it is not material to the decision in this proceeding whether or not the command to produce the books was rightfully inserted in the subpœna.

Upon a writ of error to review a judgment of contempt this is a court for the correction of the errors of the court below. The circuit court committed no error in overruling the objection to the judgment that the fees of the witnesses were not paid to them, because that objection was not presented to the Circuit Court and it made no ruling whatever upon it. The objection does not appear in the record, nor in the assignment of errors. It is presented for the first time in the brief for plaintiffs in error, and it is not open for consideration here.

The only other reasons suggested why these witnesses should not have testified are that the evidence sought from them was immaterial, and that the court below, in an opinion upon an application for an in-

junction which was delivered before the answer was filed and before issues were joined in the suit, expressed the view that the bill failed to state facts sufficient to entitle the complainant to relief in equity. But it is no justification for the failure of a witness to obey the command of the court to testify in a pending suit in equity that the complainant has stated no cause of action, that the defendant has pleaded no sufficient defense, or that the testimony sought is immaterial. Nelson v. U. S., 201 U. S. 92, 26 Sup. Ct. 358, 365, 50 L. Ed. 673; Dowagiac Mfg. Co. v. Lochren (C. C. A.; Jan. 31, 1906) 143 Fed. 211. The duty of a witness to obey the subpoena is not conditioned by his own, or by his counsel's, opinion of the materiality of his testimony or of the issues of law or of fact which the suit in which he is called involves. His personal privilege and a gross abuse of the process of the court are the only sufficient excuses for his failure to obey. Neither of these existed in this case. The court below had jurisdiction of the subject-matter and of the parties in the suit in which this subpoena was issued. It is true that the judge had expressed an opinion that there was no equity in the bill, but neither party had acted upon this expression. The complainant still pursued its suit, the defendant filed no demurrer to the bill, but answered it, and the issues were duly joined.

The subpoena was the order of the court to these witnesses, attested by its seal, to appear and testify in the suit. There was no justification for their disobedience, and the judgment below is affirmed.