[L. A. No. 4804. Department Two.—March 10, 1919.]

## ELIZABETH S. BLAKE, Respondent, v. JAMES ARP, Appellant.

[1] VENDOR AND VENDEE—FRAUDULENT REPRESENTATIONS AS TO TITLE —DAMAGES.—In an action by a vendee against the vendor under a contract of purchase and sale of real property for damages for fraudulent representation of the latter that he had title to the property, a verdict for the return of the purchase price paid and the value of the improvements made by the plaintiff on the property, was proper, where the improvements enhanced the value of the property by the amount of their cost, and the property was worth the purchase price at the time of the contract and did not increase or decrease except by said improvements.

[2] ID.—EVIDENCE — FRAUD OF VENDOR — LIS PENDENS.—Where it is shown in such action that at the time of the plaintiff's purchase a *lis pendens* was on record in a case against the defendant's grantor, which finally resulted in a judgment against such grantor, a finding that defendant was guilty of fraud, even though he believed he had title, was justified in view of subdivision 2, section 1572, of the Civil Code.

APPEAL from a judgment of the Superior Court of Kern County. M. L. Short, Judge. Affirmed.

The facts are stated in the opinion of the court.

W. W. Kaye for Appellant.

Thomas Scott and J. R. Dorsey for Respondent.

WILBUR, J.—This is an appeal by defendant from a judgment after verdict against him for two thousand one hundred dollars, with interest on one thousand five hundred dollars thereof from May 27, 1910, at seven per cent. Plaintiff is the vendee and appellant the vendor of a certain lot in Bakersfield under written contract dated May 27, 1910. Plaintiff alleges the contract, which she sets up *in haec verba* in her complaint; that she has paid one thousand five hundred dollars on the purchase price; that she made improvements on said property, but that at the time of the execution of the contract, as an inducement thereto, defendant falsely represented that he owned the title to said land; that plaintiff caused the

improvements in question to be made thereon; that at the time of the execution of said contract, there was pending an action involving the title to said land, wherein the title of defendant's grantor was attacked; that judgment therein was rendered February 5, 1912, against defendant's grantor; that in June, 1910, a separate and distinct action was brought by the plaintiffs in the last-mentioned suit against the plaintiff and defendant in this suit, based upon the same allegations, and on December 2, 1912, judgment was rendered therein, adjudging that neither plaintiff nor defendant had any title to or interest in said property. Plaintiff alleges that during all times up to the rendition of said judgment of December 2, 1912, she still believed the representations of the defendant that he owned said property. She alleges that the value of the property had increased subsequent to the purchase by her from seven thousand five hundred dollars, the purchase price, to fourteen thousand dollars; that she made certain improvements thereon, valued at one thousand dollars, and other improvements valued at $970; that she received nothing of value from defendant. Plaintiff demanded judgment for $8,970, with interest on one thousand five hundred dollars from May 27, 1910. Defendant answered, denying any fraud, admitting the payment of one thousand five hundred dollars to him; admitting the making of improvements valued at one thousand dollars, and affirmatively alleging that these improvements were made by him for plaintiff, and that he had not been paid therefor. By way of counterclaim as to said item, he alleged that the value of improvements alleged by plaintiff to be worth one thousand dollars, was $1,292, and demanded judgment for that amount. He also alleged the making of certain other improvements on the property by him at plaintiff's request, and the furnishing of cordwood, and alleged the value of said improvements and cordwood to be $372.60, and demanded judgment therefor. Upon the trial it was stipulated that the value of improvements made by defendant for plaintiff upon the property was $1,521, and the value of cordwood sold by him to plaintiff was $143, making the total amount thus due from plaintiff to defendant $1,664. As to the second item of $970 alleged by plaintiff, the defendant admits that amount by failure to sufficiently deny it, and plaintiff testified that she had paid ''nearly one thousand dollars'' on this item. It is therefore admitted that the plaintiff had made improve-

ments on the property valued at $2,491; that she owed the
defendant on account thereof $1,521, and also owed him $143
for cordwood. The net value of the improvements made by
plaintiff over the amount due the defendant was $837. The
amount paid by the plaintiff on account of the property was,
therefore, $2,337. The verdict of the jury was for two thou-
sand one hundred dollars. Defendant also claimed $75 per
month for the use of the premises, plaintiff having occupied
the same for twenty-one months. But as plaintiff was occupy-
ing the premises as a tenant of the real owner when the con-
tract was entered into, and had been sued by that owner for
the rent, and as defendant had never owned the premises, the
court properly refused to submit that question to the jury.
We have thus dealt in detail with the facts, for the reason that
we are called upon in this case to determine whether or not
substantial justice has been done between the parties. We
find that the plaintiff has expended upon the faith of the con-
tract, and in reliance thereon and on the representations of
the defendant, the sum of $2,337, and that she has recovered
judgment for $237 less than that amount. It would appear,
therefore, that she has secured judgment for less than is re-
quired to compensate her for her loss, which is the usual rule
of damages in cases of tort. (Civ. Code, sec. 3300.) The
complaint is framed upon the theory of an action to recover
damages for the fraudulent representation of defendant that
he had title. (*Crane* v. *Ferrier Brock Dev. Co.*, 164 Cal. 676,
[130 Pac. 429].) It is not an action to rescind, or for breach
of contract to convey real estate. The measure of damages
for fraud and deceit in the case of an executory contract to
convey real estate is that stated in *Hines* v. *Brode*, 168 Cal.
507, [143 Pac. 729]. The only measure of damages given by
the court to the jury in the instructions was that for breach
of a contract as stated in section 3306 of the Civil Code. Ap-
pellant does not attack that instruction. On the contrary, he
seems to assért its correctness. The position of appellant on
the question of damages is thus stated in his brief: ''Without
establishing fraud the plaintiff could not recover. The damages
alleged by her were of three kinds: First, the price paid; sec-
ond, the enhanced value of the property; and third, the value
of improvements. The right to recover the first two is measured
by section 3306 of the Civil Code, and the right to recover the
last is measured by section 3300 of the Civil Code. It may be

conceded that the plaintiff had the right to recover the one thousand five hundred dollars paid on the purchase price, because there was a breach of contract on the part of the defendant in failing to convey the property to the plaintiff. This sum, however, was more than offset by the value of the improvements furnished by the defendant. The value of these improvements, and that the plaintiff had not paid for them, were both admitted. The plaintiff could escape liability to the defendant for the amount so admitted only by showing that she was justified in constructing the improvements made by the defendant." As we understand appellant's position, he concedes that if there were fraud (bad faith) on his part, the plaintiff was entitled to recover for the value of improvements in this action. This might well be under the measure of damages erroneously given the jury by the court, "the price paid . . . with interest thereon; adding thereto, in case of bad faith, the difference between the price agreed to be paid and the value of the estate agreed to be conveyed, at the time of the breach. . . . " [1] If we assume that the improvements enhanced the value of the property by the amount of their cost and that the property was worth the purchase price at the time of the agreement to purchase, and did not increase or decrease except by reason of said improvements, as we may well do upon the evidence, then the verdict for the return of the purchase price paid, and the value of the improvements, was proper under that instruction.

The plaintiff testified that defendant stated to her as an inducement to enter into the contract of purchase that he owned the title. At the time of his purchase a *lis pendens* was on record in the case which finally resulted in a judgment against his grantor, and later against himself and his vendee. [2] The jury was justified in finding him guilty of fraud under the circumstances, even though he believed the truth of his assertion (Civ. Code, sec. 1572, subd. 2), and they were so instructed by the court. Appellant urges the fact that the evidence was insufficient to show any fraud on his part, for the reason, as he claims, that the plaintiff knew as much about the title as he did, and that therefore his statement was a mere expression of opinion, and cites in relation thereto the following cases: *Choate* v. *Hyde,* 129 Cal. 580, [62 Pac. 118], and *Rheingans* v. *Smith,* 161 Cal. 362, 365, [Ann. Cas. 1913B, 1140, 119 Pac. 494]. But the evidence does not sup-

port appellant's position. He claims that respondent, by entering into the agreement with him for the placing of improvements upon the property after having ascertained that the injunction suit against his grantor was pending, "lost her right to rescind and also her right to any damages on account of alleged fraud," and cites in support of that contention, *Schmidt* v. *Mesmer,* 116 Cal. 267, 270, [48 Pac. 54]. This point was not presented by instructions to the jury, and it is not involved in any requested instruction, and the point was therefore waived. Moreover, the evidence of plaintiff was that she was constantly lulled into inaction by the repeated assertion of defendant that he had the title, notwithstanding the allegations of the plaintiff in said suit. Other points urged by appellant are without merit.

In view of the manifest errors acquiesced in by the parties, and the fact that the points urged by the appellant as errors are without merit, and in view of the further fact that it is obvious from the entire case that the defendant cannot convey to plaintiff title to the land she sought to purchase, there has been no miscarriage of justice in awarding the plaintiff the money actually paid to the defendant, with interest, and the additional amount expended by her in improvements on the property.

The judgment is affirmed.

Lennon, J., and Melvin, J., concurred.

Hearing in Bank denied.

All the Justices concurred, except Melvin, J., and Olney, J., who were absent.