### LEVINSTEIN v. E. I. DU PONT DE NEMOURS & CO.

#### (District Court, D. Delaware. May 22, 1919.)

#### No. 1, March Term, 1919.

1. WITNESSES ⬥21—CONTEMPT—REFUSAL TO OBEY SUBPŒNA—DEFENSES.
    In proceedings for contempt against a witness for refusal to obey a subpœna of a federal court issued pursuant to a commission granted by a court of another district to take depositions under Rev. St. § 866 (Comp. St. § 1477), the court cannot inquire into the jurisdiction of the court which issued the commission.

2. WITNESSES ⬥21 — CONTEMPT — DISOBEDIENCE OF SUBPŒNA — ADVICE OF COUNSEL.
    That a witness, in refusing to testify in obedience to a subpœna, acted on advice of counsel, is no defense to a proceeding for the contempt, although it may be considered in determining the punishment.

3. CONTEMPT ⬥2—PROCEEDINGS FOR PUNISHMENT—DEFENSES.
    The question whether an act is or is not a contempt does not depend upon whether there was an actual intent to embarrass the due administration of justice, but may be determined from the nature of the act and by the presence or absence of any sound reason for it.

Petition for attachment of Lammot Du Pont for contempt in suit of Edgar Levinstein against E. I. Du Pont de Nemours & Co. Rule made absolute.

See, also, 258 Fed. 667.

Frank H. Stewart, of Boston, Mass., and George N. Davis and Robert Penington, both of Wilmington, Del., for plaintiff.

Elbridge R. Anderson, of Boston, Mass., and J. P. Laffey, of Wilmington, Del., for defendant.

MORRIS, District Judge. A rule was issued directed to Lammot Du Pont, requiring him to show cause, if any he has, why an attachment should not issue against him as and for a contempt of court, as well as for disobedience of the process of subpœna, and

receive such orders or punishment as in the premises justice may require.

The order of court directing the issuance of the rule to show cause was based upon a verified petition alleging the pendency in the District Court of the United States for the District of Massachusetts of an action at law wherein Edgar Levinstein, of the state of Massachusetts, is plaintiff, and E. I. Du Pont de Nemours & Co., a corporation of the state of Delaware, is defendant; that on May 8, 1919, a commission duly issued out of the said court for the district of Massachusetts was delivered to Henry C. Mahaffy, Jr., a notary public resident in this state, to take the depositions of certain witnesses therein named, including the said Lammot Du Pont; that upon a petition filed in this court May 12, 1919, an order was made directing the clerk to issue a subpœna to said Du Pont directing him to appear before the said notary at such time and place within this district as said notary might appoint, to be examined on oral interrogatories, in pursuance of the commission aforesaid, and to testify and give evidence on the part of the plaintiff in the above-mentioned cause, and also to bring with him and produce before said notary certain books and papers therein mentioned; that the clerk duly issued the subpœna directing the said Du Pont to appear before the said notary on May 20th; that such subpœna was duly served on May 14th; that notice of the time and place of taking the depositions was served on the attorney for the defendant within the time required by the commission; that said Du Pont appeared before the notary at the time and place appointed, as did the attorneys for the defendant company, and that thereupon the said Du Pont, being called as a witness by the plaintiff, declined to be sworn and to testify under the said commission; and that he was not then privileged from giving testimony.

The rule was duly served, and the witness appeared before the court on its return. The petitioner has filed the certificate of the notary with a transcript of the proceedings had before him. This transcript discloses that the attorney for the defendant company objected to and protested against proceeding with the taking of depositions of the witnesses summoned under the subpœnas, for reasons touching the regularity of the issuance of the commission by the District Court of Massachusetts, and declined to proceed with the taking of the depositions. The said attorney, as appears from said certificate, also advised the witnesses that they should not proceed and not to be sworn, and the witness Du Pont acted in accordance with this advice when called to testify. At the hearing on the return of the rule the following affidavit was filed by the said attorney on behalf of the witness, viz.:

"That he is one of the attorneys for the defendant in the foregoing matter.

"That the date of the writ in this action was the 7th day of May, 1919, calling for the defendant to appear before the District Court of the United States for the District of Massachusetts, to be holden at Boston, Massachusetts, on the fourth Tuesday of June, 1919.

"That said writ was served on the commissioner of corporations on said 7th day of May, 1919, at 3:40 o'clock p. m., and that under the rule of court,

and pursuant to the terms of said writ, the defendant was given 30 days from said 7th day of May, 1919, to plead to said writ.

"That said time to plead has not yet expired, and that no plea has been filed, and no issue in any manner joined.

"That the petition for commission to take depositions was filed on said 7th day of May, 1919; and the petition for a subpœna duces tecum was filed in said District Court of the United States for the District of Delaware on the 12th day of May, 1919.

"That on the 20th day of May a motion to vacate and set aside the above-mentioned order of the court issued, allowing the commission for the purpose of taking depositions, was filed in said United States District Court for the District of Massachusetts, and affiant is informed and believes that hearing thereon has been set for the first Monday in June."

Since the hearing a sworn answer of the witness has been filed in this proceeding, admitting the allegations of the petition, but stating in effect that in declining to be sworn and to testify he was acting under the advice of counsel, with the view of bringing before the court certain questions of law for the ruling of the court thereon, and that none of his acts were for the purpose of willfully violating the terms of the subpœna or the process of the court, and that he was not aware that in declining to testify, under the circumstances, he was committing any act which might be held to be a contempt of court, and offering to testify should this court be of opinion that he should do so.

A willful disregard or disobedience of the lawful process of the court is contempt, and punishable as such. That the witness Du Pont disobeyed the command of the subpœna issued by this court is admitted. He seeks, however, to justify or excuse this disobedience for the following reasons: First, that the commission issued by the District Court of the United States for the District of Massachusetts to the said notary was irregularly issued; second, that his refusal to testify was under the advice of counsel; and, third, that in so refusing he did not intend to commit a contempt of court.

[1] In support of the first reason counsel contends that the commission was not issued in conformity with the requirements of section 863 of the Revised Statutes (Comp. St. § 1472), with the result that the commission and all acts done thereunder or auxiliary thereto are without any force or effect and are wholly null and void. But the commission issued to the notary, as before mentioned, was not issued under section 863 of the Revised Statutes, but was issued under that portion of section 866 (Comp. St. § 1477) which provides:

"In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage."

This conclusion is fortified by the following statement of Judge Shiras in Giles v. Paxson (C. C.) 36 Fed. 882, 883:

"There are two general methods for taking depositions to be used on the trial of law cases provided for in the Revised Statutes; the one being the mode pointed out in section 863, and the other in section 866. When taken under the provisions of the former section, a commission to the officer is not sued out from the court in which the cause is pending, but the party desiring to take the testimony gives notice to the opposite party or his attorney of the time and place when and where the testimony is to be taken, and selects as

the commissioner any one of the parties named in the section. * * * If, however, the depositions are not taken under section 863, but under the authority granted in section 866, then, by the express terms of the latter section, the provisions of sections 863, 864 [Comp. St. § 1473], and 865 [Comp. St. § 1474] are not applicable thereto."

The only requirement of the statute for the issuance of such commission is that it be necessary "in order to prevent a failure or delay of justice." The determination of this question is for the court issuing the commission, and not a question that can be collaterally considered by this court. A similar question was considered by Judge Butler in Re Cole, Fed. Cas. No. 2,975. He there said:

"Two questions were raised: (1) That the Circuit Court of Iowa had no authority to issue the commission. (2) That the communications were privileged. As to the first, I, as a judge, have no authority to inquire into the jurisdiction of the circuit court of Iowa, or whether or not there is there pending a civil action. That court has decided that question, and issued a commission. It would be highly discourteous to look behind its record, and I decline to do so."

As the court issuing the commission had the power and authority to issue it, it is not open to collateral attack in this court, and I cannot go behind it. Furthermore, had there been a desire on the part of the defendant company to raise in the District Court for Massachusetts a question as to the validity of the commission it hardly seems conceivable that an application to set it aside would have been delayed until the very day fixed for taking testimony under it. The record discloses that the commission was issued on the 7th day of May; that the subpœna, disregarded by the witness, was served on the 14th day of May; that no application was made to the court issuing the commission to set it aside until May 20th; and notwithstanding notice of the time and place of taking testimony under the commission was given to the attorneys for the defendant on May 12th, no application was made to this court to question the validity of the subpœna or to relieve the witness from obeying its command. The refusal of the witness to testify under these circumstances is not inconsistent with an attitude of indifference with respect to or even a willful disregard of the subpœna. The first contention, therefore, presents no excuse for refusal of the witness to obey the command of the subpœna.

[2] The witness next contends that his refusal to testify was under the advice of counsel. That advice of counsel is no defense to a proceeding for contempt is so well settled that it is unnecessary to do more than quote the words of Judge Sanborn in Fairfield et al. v. United States, 146 Fed. 509, 76 C. C. A. 591, viz.:

"The duty of a witness to obey the subpœna is not conditioned by his own, or by his counsel's, opinion of the materiality of his testimony, or of the issues of law or of fact which the suit in which he is called involves. His personal privilege and a gross abuse of the process of the court are the only sufficient excuses for his failure to obey."

Where a witness or other person elects to follow the advice of counsel rather than to obey the process or order of a court he does so at his peril. But where the contemnor has acted in good faith

on the advice of counsel, such fact may be considered by the court in determining the punishment.

[3] The witness last asserts as a defense a disclaimer of intentional disrespect or design to embarrass the due administration of justice. Such denial may be considered as purging the contempt, if there be any real justification for the act constituting the contempt. But the question whether a certain act is or is not a contempt does not depend upon whether there is present an actual intent to embarrass the due administration of justice, but may be determined from the nature of the act and by the presence or absence of any sound and substantial reason for its occurrence. No sound reason has been shown by the witness in this case for his refusal to testify. But the absence of an actual intent may properly be taken into account when fixing the punishment.

The case presented by the foregoing facts is radically different from a case certified for the refusal of a witness to answer questions upon the ground of personal privilege, or where it clearly or affirmatively appears that the evidence sought cannot possibly be competent, material or relevant, and that it would be an abuse of the process of the court to compel its production.

The subpœna issued by the clerk was not only a subpœna requiring the production of certain books and papers, but was also a subpœna requiring the witness to appear and testify. Either of these objects may be enforced without the other. Wilson v. United States, 221 U. S. 361, 373, 31 Sup. Ct. 538, 55 L. Ed. 771, Ann. Cas. 1912D, 558. The rule issued in this case is to show cause why the witness should not be adjudged guilty of contempt, not for his failure to produce the books called for by the subpœna, but solely because he declined to be sworn and to testify. It is immaterial to a decision in this proceeding whether or not the command to produce the books was rightfully inserted in the subpœna. Fairfield et al. v. United States, 146 Fed. 508, 76 C. C. A. 590.

Section 868 of the Revised Statutes (Comp. St. § 1479) provides:

"When a commission is issued by any court of the United States for taking the testimony of a witness named therein at any place within any district or territory, the clerk of any court of the United States for such district or territory shall, on the application of either party to the suit, or of his agent, issue a subpœna for such witness, commanding him to appear and testify before the commissioner named in the commission, at a time and place stated in the subpœna; and if any witness, after being duly served with such subpœna, refuses or neglects to appear, or, after appearing, refuses to testify, not being privileged from giving testimony, and such refusal or neglect is proven to the satisfaction of any judge of the court whose clerk issues such subpœna, such judge may proceed to enforce obedience to the process, or punish the disobedience, as any court of the United States may proceed in case of disobedience to process of subpœna to testify issued by such court."

It appears from the foregoing that the commission in question was issued by a court of the United States for taking the testimony of a witness named therein at a place within this district. Further, that the clerk of this court did on the application of the plaintiff issue a subpœna for the witness Lammot Du Pont commanding him to appear and to testify before the commissioner named in the commis

sion at a time and place stated in the subpœna. And it also appears that the witness, after being duly served with such subpœna refused to testify, not being privileged from giving testimony, and such refusal is not only proven to the satisfaction of the court, but is admitted. From this it unavoidably follows that the witness must be adjudged in contempt, and the rule made absolute.

But taking into consideration the disclaimer by the contemnor of any positive or actual intent, and the extent of the penalty shown by the reports to have been imposed in like cases, I am of the opinion that a fine of $500 and costs will meet all the requirements of this case.

An order in accordance with this opinion may be prepared and submitted.