[Civ. No. 3508.  First Appellate District.—September 16, 1920.]

HUTCHINSON COMPANY (a Corporation), Respondent, v. CHARLES S. MARSHALL, Appellant.

[1] FINDINGS—TIME OF SIGNING—CONSTRUCTION OF CODE.—In view of the fact that the provisions of section 632 of the Code of Civil Procedure, requiring findings to be filed within thirty days after the submission of the cause, are directory, a delay of almost one year and a half in the signing of findings after announcement of judgment is not in itself a ground of reversal, and in the absence of a showing of detriment from the delay, the judgment must be affirmed.

APPEAL from a judgment of the Superior Court of Alameda County.  W. M. Conley, Judge Presiding.  Affirmed.

The facts are stated in the opinion of the court.

Howard Harron for Appellant.

Fitzgerald, Abbott & Beardsley for Respondent.

RICHARDS, J.—This action was commenced to foreclose a street assessment lien.  Upon the trial of the cause on July 7, 1917, the plaintiff introduced evidence to sustain the material allegations of its complaint; the defendant introduced no evidence, and accordingly at the close of the trial the court announced that judgment would be given in the plaintiff's favor.  Findings, not having been waived, were to be thereafter prepared and submitted to the court.  Nothing further was done in the cause so far as the record discloses until December 6, 1918, when findings were presented to the trial judge, and were signed a few days later over the objection of the defendant, and judgment having been entered thereon defendant has appealed from the judgment.

[1] The only error of law which the appellant urges upon this appeal is that the court erred in signing findings in the cause after the lapse of time between the trial and the date of their presentation, the appellant contending that the court had lost jurisdiction over the case.  There is no merit in this contention.  The provision of section 632

of the Code of Civil Procedure requiring findings to be filed within thirty days after the submission of the cause has been held to be directory. (*Eddy* v. *American Amusement Co.,* 21 Cal. App. 487, [132 Pac. 83]; *Kepfler* v. *Kepfler,* 134 Cal. 205, [66 Pac. 208].) This being so, and the appellant having failed· to show any detriment by reason of the delay, nor any abuse of discretion on the part of the trial court, nor any error committed by said court, either upon the trial of the cause or in making the findings therein which it finally signed, we hold that this appeal is without merit, and the judgment is therefore affirmed.

Waste, P. J., and Kinsell, J., *pro tem.,* concurred.