[Civ. No. 7223.  Second Appellate District, Division One.—March 31, 1932.]

OLAF SANNES, Respondent, v. JAMES McEWAN, Appellant.

James W. Creede for Appellant.

J. E. Beum for Respondent.

TAPPAAN, J., *pro tem.*—Judgment was entered below for the plaintiff, and defendant appealed. The cause of action alleged by plaintiff is one for damages for fraudulent representations made by defendant that he had the title to cer-

tain real property which he sold under contract to plaintiff. Plaintiff seeks to recover the purchase price, sums paid for taxes, and for moneys expended upon improvements attached to the land. Defendant's answer, as to the material issues, is a general denial.

Appellant's first assignment of error is that the court failed to make a finding of fact upon the issue as to the value of the improvements made by plaintiff on the property. Plaintiff alleges in his complaint that he has placed upon the land involved improvements of the reasonable value of $1300. The answer of defendant avers "defendants have no knowledge or belief, sufficient to enable them to reply to said allegations, or either of them, and basing their answer on that ground, deny the said allegations and each of them, both generally and specifically". The court by its findings finds that plaintiff, in reliance upon defendant's fraudulent representation as to title, placed upon the premises a three-room bungalow which became a permanent fixture, expended the sum of $1211.15 by way of principal and interest and the sum of $70.01 for assessments and taxes levied against the premises. The court then finds the plaintiff has been damaged in the sum of $1931.16 "after deducting all lawful credit and setoffs". From an examination of the findings as a whole it is plain that the court only considered three elements of damages, improvements, principal and interest, and taxes. In the last two named elements the court fixed the amount in exact amount, but in the case of the improvements it failed to extend the amount in money, though it included it in the total amount found to be due. Under the circumstances here outlined it cannot be said that the court did not find upon this issue, the amount being readily ascertained from an examination of the findings as a whole. *Certum est quod certum reddi potest.*

At the trial respondent introduced testimony as to the reasonable cost of the improvement, and appellant controverted this by testimony as to the *present value* of the improvement. The improvement was made some years before the trial. There was no attempt by appellant to prove the cost of the improvement or what relation the present value was to the cost of the improvement. "The appellant is not prejudiced unless the court shall fail to

make such findings in his behalf as will countervail its other findings; and as error in the court below is not to be presumed, but must be shown by him, it is incumbent on him to produce before this court the evidence that was presented to that court, in order that we may determine whether any error was committed in failing to make such findings." (*Winslow* v. *Gohransen,* 88 Cal. 450, 452 [26 Pac. 504, 505].) Under the record as presented here any finding that the court might have made would have been adverse to the appellant, and would not be error sufficient to authorize the reversal of the judgment. (*Winslow* v. *Gohransen, supra.*) "Not only are all intendments in favor of the regularity of the action of the trial court, but 'it is a well settled rule that the findings of fact made by the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon'. (*Paine* v. *San Bernardino etc. Co.,* 143 Cal. 656 [77 Pac. 659].)" (*Pacific States Corp.* v. *Arnold,* 23 Cal. App. 672, 674 [139 Pac. 239].) "The entire findings and conclusions of law are to be construed to uphold the judgment when, from the facts found other facts may be inferred which will support the judgment." (*Terry* v. *Southwestern Bldg. Co.,* 43 Cal. App. 366, 370 [185 Pac. 212, 214].) The failure of the trial court to make the extension of the amount where, as here, the other findings make that amount certain, is not such an omission as to justify a reversal of the judgment.

Appellant specifies certain error alleged to have occurred in reference to a certain deposition of the plaintiff, Olaf Sannes. ▮ It appears that attached to this deposition as an exhibit was one of the contracts involved in the sale of the premises in question by defendant to plaintiff. The defendant was examined by plaintiff's counsel under the provisions of section 2055 of the Code of Civil Procedure as to this contract. The trial court over defendant's objection permitted the contract to be received in evidence. The objection made was on the ground that the contract being attached to the deposition could only be admitted with the whole deposition. The testimony of the witness taken in the deposition was not involved in this phase of the matter. We know of no rule of law that would prohibit an instrument used as an exhibit in relation to the testimony of one witness which would bar it from being

used in the examination of another witness, provided, of course, that the question directed to the witness were otherwise competent and proper. No particular sanctity or immunity attaches to an instrument by reason of its attachment to a deposition. The same documents are made use of, and properly, in more than one action or proceeding. There was no error in permitting the examination of the witness or in the receiving of the contract in evidence under the circumstances. ▮ Appellant objects to the deposition on the ground that there was no showing made at the trial that the witness continued absent. The witness was the plaintiff and his deposition could have been read in evidence by either party. (Code Civ. Proc., sec. 2021, subd. 1; sec. 2022; *Unruh* v. *Nelson,* 212 Cal. 130 [297 Pac. 888].) ▮ Appellant next objects that the certificate of the notary who took the deposition fails to show that he was a *"disinterested party"* as provided by section 2006 of the Code of Civil Procedure. At the time the commission was issued by the court the section referred to made no such provision, the amendment incorporating that provision becoming effective some months thereafter. The qualifications of the commissioner were fixed as of the law at the date the commission was issued. In any event it would seem that appellant has waived any objection he might have had by appearing and submitting cross-interrogatories. He neither made nor offered to make any affirmative showing that the notary was an interested party. In other jurisdictions under somewhat similar statutes it has been held that without such showing the regularity of the deposition cannot be questioned. (*Giles* v. *Paxson,* 36 Fed. 882; *Younce* v. *Broad River Lumber Co.,* 155 N. C. 239 [Ann. Cas. 1912C, 107, 71 S. W. 329].)

The other objections to the certificate are of a highly technical nature, and inasmuch as the certificate of the notary in effect contains all the material recitals required by the statute to be made, no error can be predicated thereon. (*Mills* v. *Dunlap,* 3 Cal. 94; *Short* v. *Frink,* 151 Cal. 83 [90 Pac. 200]; *Hirschfeld* v. *Dana,* 193 Cal. 142 [223 Pac. 451].) ▮ Appellant complains that there was not attached to the deposition, as returned, a certificate of a court of record authenticating the seal and signature of the notary. Appellant fails to cite any authority for

this objection and a careful search has failed to reveal any law to sustain appellant's position. In some cases the acts of notaries must have such authentication, but in these instances it will be found to have been required by some special statute, as in the case of section 1189 of the Civil Code. (*Holland* v. *Hotchkiss,* 162 Cal. 366, 376 [L. R. A. 1915C, 492, 123 Pac. 258].) The trial court did not commit error in the admission of the deposition.

■ There is no merit in appellant's objection that the court failed to give its decision within the thirty days specified in section 632 of the Code of Civil Procedure. This provision is merely directory and appellant does not contend that he has suffered detriment by reason of the delay. (*Hutchinson* v. *Marshall,* 49 Cal. App. 307 [193 Pac. 164].)

■ Appellant calls the court's attention to the fact that respondent has been possessed of the premises in question during the time the payments were being made to him and had received some moneys by way of rent as well. This was immaterial under the circumstances of this case. The appellant was found to have no title to the premises and the action was not one for rescission but one for damages arising from appellant's fraudulent representations as to the title. (*Blake* v. *Arp,* 180 Cal. 144 [179 Pac. 683].)

There is sufficient evidence in the record to support the findings of the court and the judgment. The court was justified in finding more than nominal damages. Appellant though not possessed of the title received respondent's money and permitted him to improve the premises, all in reliance upon appellant's representations. There is nothing in the record tending to show that appellant will ever be in a position to complete his contract with respondent. The amount of the damages is a question of fact to be found by the trial court, and its findings on that question are supported by the record.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.